## MACHLE v CREECH

Ohio Appeals, 1st Dist, Hamilton Co

No 4389. Decided July 3, 1933

Robert A. Black, Cincinnati, for plaintiff in error.

Dolle, O'Donnell & Cash, Cincinnati, for defendant in error.

## OPINION

By ROSS, J.

The trial court, a jury being waived, found for the plaintiff. There, of course, are no instructions to a jury from which we could determine the court's conception of the law applied, nor are there any separate findings of fact and law; nothing but a judgment for the plaintiff.

Obviously the court must have found that the defendant was negligent, and that this negligence was the proximate cause of the collision and injuries, of which complaint is made. It must have also found either that the plaintiff was not negligent, or that his negligence, if such existed, did not directly contribute to his injuries.

It is sufficient to say that there was evidence amply sustaining its conclusion.

Our attention is directed to the recent decision of the Supreme Court in the case of **Morris v Bloomgreen, Ohio Law Bulletin & Rep., June 26, 1933, page 204,** which now clarifies the law as to the right of way at intersecting streets, and as to the right of way of the driver approaching from the right. The limitation contained in §6310-28, GC, is still, however, given full effect in this decision. We have no way of determining that the trial court did not find that the defendant had forfeited her right to claim the advantages of right of way over the vehicles approaching from her left, by reason of the unreasonable speed at which the court may have found she was driving.

Our attention is called to a statement of the court that it considered any speed greater than one-half the normal speed at intersections an unreasonable speed. The court when trying the case, alone, sits as judge and jury. It is the function of the jury alone in cases submitted to it to say what is and what is not a reasonable speed under all the circumstances mentioned in the statute. A jury might conclude that a speed greater than one-half of the appropriate presumptive limits mentioned in the statute was unreasonable at street intersections. Such, of course, is not the law, but such in the opinion of the jury may be the rule to be applied. It is solely for the jury to apply its own rules of reason to the facts. This is their function to say what is and what is not reasonable. The court in lieu of the jury has all its privileges. If then the court sitting as a jury

considers that a speed at intersections greater than one-half the normal limit of speed applicable is unreasonable, we see no way to question its conclusion. If in its conclusions of law it should state such a limit as a matter of law to be applied, obviously this would be prejudicial error.

It must be remembered that the speed limits mentioned in the statute are merely evidential presumptions and do not prevent a jury from determining slower speeds to be unreasonably fast under the circumstances of the case.

We find no error to the prejudice of the plaintiff in error, and the judgment of the Court of Common Pleas, affirming the judgment of the Municipal Court, is affirmed.

HAMILTON, PJ, and CUSHING. J, concur.